FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 30, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE MENDOZA-RUELAS (1), OSCAR CHAVEZ-GARCIA (2); and JOEL CHAVEZ-DURAN (3), <br><br> Defendants. | NO: 4:21-CR-6028-RMP <br><br> PRETRIAL ORDER AND ORDER MEMORIALIZING COURT'S ORAL RULINGS |

A status hearing was held in this matter on August 27, 2021. Defendants Jose Mendoza-Ruelas, Oscar Chavez-Garcia, and Joel Chavez-Duran were not present but were represented by Assistant Federal Defender Alex B. Hernandez, Roger J. Peven, and Criminal Justice Act Attorney Adam R. Pechtel, respectively. Assistant United States Attorney Stephanie A. Van Marter was present on behalf of the Government. The Court has reviewed the file, has heard from counsel, and is fully informed. This Order is entered to memorialize the oral rulings of the Court.

Before the Court is Defendant Chavez-Garcia's Motion to Continue Trial, ECF No. 52, and Defendant Mendoza-Ruelas's Notice of Joinder, ECF No. 55.

PRETRIAL ORDER AND ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 1

Defendants move for a continuance to allow additional time to investigate this case. The Government does not object to a continuance in this matter. *Id*.

A trial date of September 27, 2021, would deprive defense counsel of adequate time to obtain and review discovery and provide effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7). Therefore, the Court finds that the ends of justice served by ordering a continuance of proceedings in this matter outweigh the best interests of the public and Defendants' rights to a speedy trial, pursuant to 18 U.S.C. §3161(h)(7)(A).

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant Chavez-Garcia's Motion to Continue Trial, **ECF No. 52,** is **GRANTED** and is applicable to all Defendants.

**2.** The current trial date of September 27, 2021, is **STRICKEN** and **RESET** to **November 8, 2021**, at **8:45 a.m.** commencing with a **final** pretrial conference at **8:30 a.m.** All hearings shall take place in **Richland**, Washington.

**3.** The current pretrial conference date of September 17, 2021, is **STRICKEN** and **tentatively RESET** as an **in-person** hearing on **October 19, 2021**, at **9:00 a.m.** in **Richland courtroom 189**. This hearing may be conducted via video conference hearing, in which case counsel will receive connection instructions from the Court prior to the hearing.

**4.** The September 17, 2021, hearing date for Defendant Chavez-Duran's Motion to Suppress Evidence, **ECF No. 51**, is **STRICKEN** and **RESET** to be heard

PRETRIAL ORDER AND ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 2

at the pretrial conference on **October 19, 2021**, at **9:00 a.m.** Counsel anticipating witness testimony shall file a witness list with corresponding estimates of length of testimony by **October 12, 2021**.

**5.** Counsel for defense shall notify Defendants of all hearings and ensure their attendance at court.

**6.** Motions to Expedite, if any, shall be filed separately and noted for hearing two (2) days from the date of filing, after informing opposing counsel of such.

**7.** Discovery motions, pretrial motions, and motions in limine shall be filed on or before **September 28, 2021**; responses are due **October 5, 2021**; and replies are due **October 12, 2021**. Counsel shall note their motions for hearing at the pretrial conference on **October 19, 2021**.

**8.** Any motion filed by any defendant in this matter, which is not limited by its subject matter to the defendant filing the motion, shall also be considered to be a motion filed on behalf of the co-defendants. If a co-defendant does not wish to join a particular motion, he or she shall file a notice to the effect and "opt out" of the filed motion. This will avoid the necessity of each defendant filing duplicate motions.

**9.** Trial briefs, requested voir dire, witness lists, jointly proposed jury instructions, and a table of proposed jury instructions shall be filed and served by **October 29, 2021**, for the Court's consideration.

1  **(a)**  The jointly proposed jury instructions should address only issues that are unique to this case and shall include instructions regarding the elements of each count, any necessary definitions, and a proposed verdict form.

**(b)**  The parties shall provide the Court electronically with a table of proposed, cited jury instructions.  This table shall include:

  **(i)**  The instructions on which the parties agree;

  **(ii)**  The instructions that are disputed; and

  **(iii)**  The basis of any objection.

  **(iv)**  The jury instruction table shall be substantially in the following form:

| Proposed by | Instruction # | 9th Cir. Cite | Objection | Response to objection |
|---|---|---|---|---|

**(c)**  In addition to the jury instruction table, each party shall address any objections they have to instructions proposed by any other party in a memorandum on or before **October 29, 2021**.  The parties shall identify the specific portion of any proposed instruction to which they object supported by legal authority that supports the objection.  Failure to file an objection to any instruction may be construed as consent to the adoption of an instruction proposed by another party.

/ / /

/ / /

PRETRIAL ORDER AND ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 4

**10.**  *Pretrial Exhibit Stipulation*

**(a)**  The parties shall prepare and file, by **October 29, 2021**, a pretrial exhibit stipulation that contains each party's numbered list of all trial exhibits with the opposing party's objections to each exhibit, including the basis of the objection and the offering party's brief response.  All exhibits to which there are no objections shall be deemed admitted, subject to any objections at trial that could not be raised in advance.  Failure to comply with this paragraph could be deemed to constitute a waiver of all objections.  Do not submit blanket or boilerplate objections to the opposing party's exhibits.  These will be disregarded and overruled.

**(b)**  The pretrial exhibit stipulation shall be substantially in the following form:

**Pretrial Exhibit Stipulation**

**Plaintiff's/Defendants' Exhibits**

| Exhibit No. | Description | If Objection, State Grounds | Response to Objection |
|---|---|---|---|
|  |  |  |  |

**(c)**  Exhibits shall be pre-marked with the exhibit numbers that will be used at trial.  Plaintiff's trial exhibits are to be numbered 1 through 199, and Defendants' exhibits are to be numbered 200 and following.

**(d)**  Objections to exhibits and witnesses shall be heard at the final pretrial conference.

**11. *Trial Procedures***

The following procedures shall be utilized at trial:

**(a)** The Court utilizes JERS (Jury Evidence Recording System) to allow evidence admitted for a trial to be viewed electronically via touchscreen monitor in the jury deliberation room upon the conclusion of the trial. Please note that the jury will receive a verbatim copy of the JERS exhibit list. Please carefully review and follow the instructions provided.

[JERS Instruction Sheet for Attorneys](#)

**(b)** The Court will conduct the majority of jury voir dire but allow counsel 15 minutes to ask additional questions or to do more in depth exploration of issues raised by the Court;

**(c)** A total of 13 jurors will be selected. Plaintiff shall have 6 peremptory challenges, Defendants shall have 10 peremptory challenges, and each side shall have one challenge for the alternate juror. Fed. R. Crim. P. 24. The challenges shall be exercised alternately;

**(d)** Regular trial hours shall be from 8:45 a.m. to 12:00 noon, and 1:15 to 4:30 p.m.;

**(e)** The jurors will be provided with notebooks for note-taking and a copy of preliminary instructions;

**(f)** Documents published to the jury by counsel shall be collected at the conclusion of trial each day or following a witness's testimony regarding the published document;

**(g)** A single photograph shall be taken of all witnesses following their testimony for use by the jury to correlate a witness with the testimony he or she provided. The photographs shall be maintained in a three-ring binder by the Court. The photograph will have the witness's name on it and the date of the witness's testimony. The photographs will be provided to the jury to assist them during deliberations. Following deliberations, the photographs will be destroyed by the Court and will not be a part of the record;

**(h)** Examination of witnesses shall be limited to direct, cross, redirect and recross. Fed. R. Evid. 611(a);

**(i)** Counsel are encouraged to limit requests for sidebars by anticipating legal and evidentiary issues so that the issues may be addressed before trial begins each day, during the lunch hour, or after trial hours;

**(j)** During trial, counsel are encouraged to exchange lists of the next day's witnesses and exhibits so that objections or legal issues may be anticipated and resolved outside the normal trial hours;

**(k)** Counsel shall have the next witness to be called to testify available outside the courtroom, to avoid delay; and

    **(l)**    An attorney's room for Plaintiff and for Defendant is available. Counsel may inquire with the on-duty Court Security Officer for access to the rooms.

    **12.**    Any Defendant represented by CJA appointed counsel that will request issuance of subpoenas and payment of costs and fees for trial witnesses will file such requests no later than ten (10) days before trial, excluding weekends and holidays. Defense counsel may request, as needed, that the motion and order be filed under seal. Defense counsel shall prepare a proposed order that includes the following language:

    **(a)**    That the United States Marshal shall serve the subpoenas on the witnesses identified by name, address, and phone number. The subpoenas shall state when the witnesses' appearances are requested;

    **(b)**    That the subpoenaed individual shall contact the United States Marshal in the district in which they are served so that the Marshal may make travel arrangements, for those witnesses requiring such arrangements; and

    **(c)**    That any witness fees and per diem allowances shall be paid by the Government after the witness has testified. Requests for advance payment shall be directed to the United States Marshal in the district in which the witness is served or the United States Marshal in the district in which the witness is present to provide testimony.

Defense counsel shall contact the Case Administrator in the District Court Clerk's office, **(509) 943-8170** to obtain information on how to make lodging arrangements for those witnesses requiring lodging.

13. Counsel is on notice that no CJA money is available to pay per diem expenses for indigent defendants. Should an indigent defendant require transportation to trial and/or housing and meals during the trial, defense counsel shall apply for such travel and costs no later than ten (10) days, excluding weekends and holidays, prior to the date of the trial.

14. A Waiver of Speedy Trial Rights was signed by Defendant Mendoza-Ruelas and Defendant Chavez-Garcia. ECF Nos. 53, 56. All time from the current trial date of **September 27, 2021**, to the new trial date of **November 8, 2021**, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7).

15. All time from the filing of Defendant's Motion to Continue on **August 20, 2021**, to the date of the hearing on **August 27, 2021**, is excluded for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(D).

**IT IS SO ORDERED**. The District Court Clerk is directed to file this Order and provide copies to counsel.

**DATED** August 30, 2021.

    s/ Rosanna Malouf Peterson
    ROSANNA MALOUF PETERSON
    United States District Judge