FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 22, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE MENDOZA-RUELAS,<br><br>Defendant. | No. 4-21-CR-06028-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND GRANTING MOTION TO EXPEDITE<br><br>**ECF Nos. 80, 81** |
|---|---|

On November 18, 2021, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 80) and related Motion to Expedite (ECF No. 81). Pursuant to General Order 20-101-3 and the CARES Act, Pub. L. No. 116-136 (H.R. 748) (eff. March 27, 2020), the Court found that video conferencing was not reasonably available for Defendant. With his consent, Defendant appeared by telephone and was represented by Assistant Federal Defender Nick Mirr and assisted by federal court-certified interpreter Natalia Rivera, both of whom appeared by video. Assistant United States Attorney Stephanie Van Marter, also appearing by video, represented the United States.

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND GRANTING MOTION TO EXPEDITE - 1

The Court has considered the additional information and has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to decide whether there are conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released. The Court finds that these factors, as set forth orally by the Court, weigh in favor of Defendant's continued detention.

Due to the nature of the charges, there is a rebuttable presumption of detention in this case. Defendant is charged with conspiracy to distribute methamphetamine and fentanyl and distribution of methamphetamine and fentanyl. ECF No. 23.

Defendant argues the Court's concerns regarding risk of flight, expressed in the Court's previous order of detention (ECF No. 21), can be assuaged by a condition of GPS monitoring in combination with a bond posted by Defendant's longtime friend. The Court's prior concerns remain, however, and are enhanced by newly proffered evidence by the United States regarding criminal charges against Defendant from 2008. The United States proffers that Defendant was arrested in 2008 for laundering monetary instruments. The United States proffers that Defendant at the time was known by a different name (Gerardo Mendoza-Ruelas),

was released on a $5,000 bond, and never appeared in the matter again. The United States also proffers that Defendant thereafter used the name by which he is now known (Jose Mendoza-Ruelas). The Court has significant concerns about this alleged past conduct, which demonstrates a risk of nonappearance at future court proceedings.

Multiple charges in this case carry a significant mandatory minimum sentence. From the Court's perspective, this creates an incentive to avoid addressing the charges. The Court believes the incentive to avoid the instant charges is further compounded by the immigration consequences that would flow from a conviction. As defense counsel concedes, a conviction would very likely result in Defendant's deportation. The Court's concerns regarding risk of flight are bolstered further by the United States' proffer that Defendant has previously used aliases and false information to successfully evade law enforcement and pending criminal charges.

The Court finds that the presumption of detention remains unrebutted and that a preponderance of the evidence remains that there are no conditions or combination of conditions other than detention that will reasonably assure the appearance of Defendant as required.

**IT IS ORDERED:**

1. Defendant's Motion to Expedite (**ECF No. 81**) is **GRANTED**.

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND GRANTING MOTION TO EXPEDITE - 3

2.   Defendant's Motion to Reopen Detention Hearing (**ECF No. 80**) is **DENIED**.  Defendant shall remain held in detention pending disposition of this case or until further order of the Court.

3.   If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

DATED November 22, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE
