FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 11, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE MENDOZA-RUELAS,<br><br>Defendant. | No. 4:21-CR-06028-MKD-1<br><br>ORDER FOLLOWING ARRAIGNMENT ON SECOND SUPERSEDING INDICTMENT |

On Thursday, March 10, 2022, Defendant was arraigned on the Second Superseding Indictment (ECF No. 124). With Defendant's consent, Defendant appeared by video from the Yakima County Jail. Defendant was represented by Assistant Federal Defender Craig Webster and assisted by federal court-certified interpreter Natalia Rivera. Assistant United States Attorney Todd Swensen represented the United States.

Defendant advised that his true name is Gerardo Mendoza-Ruelas and is also known as Jose Mendoza-Ruelas.

Defendant was advised of and acknowledged Defendant's rights.

Defendant pled not guilty.

The Court appointed counsel to represent Defendant (ECF No. 10) and addressed detention (ECF Nos. 21, 85) in previous orders.

Defendant is bound over to Judge Mary K. Dimke for further proceedings.

The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case.  http://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders.

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the United States has a continuing obligation to produce all information or evidence known to the United States relating to guilt or punishment that might reasonably be considered favorable to Defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence.  *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009).  Accordingly, the Court orders the United States to produce to Defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence.  If doubt exists, it should be resolved in favor of Defendant with full disclosure being made.

If the United States believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement

ORDER FOLLOWING ARRAIGNMENT ON SECOND SUPERSEDING INIDCTMENT - 2

technique, or any other substantial government interest, the United States may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the United States' obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the United States' obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

DATED March 11, 2022.

s/*James P. Hutton*
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER FOLLOWING ARRAIGNMENT ON SECOND SUPERSEDING INIDCTMENT - 3